KEMP & DOGGETT *v.* COFFIN.

After a dissolution, the settling partner may sign the name of the firm to a note. to settle or liquidate a company debt, but not to cast a new indebtedness against the firm.

ERROR *to Wapello District Court.*

*Opinion by* WILLIAMS, C. J.   Jesse Kemp and Presley Doggett partners, &c., brought suit against Thomas C. Hunt, in assumpsit on a promissory note.   The note is joint and several, by which Coffin and Hunt as partners, and Thomas C. Coffin, the defendant in this action, promised to Kemp and Doggett three hundred and ninety-eight dollars and twenty-three cents, on or before the first day of February, 1846, with interest from date, at the rate of six per cent per annum, until paid for value received.   The note bears date the 1st day of February, 1842.   The note is signed in the name of the firm of Coffin & Hunt, and by Thomas C. Coffin as security.

The cause was tried at the September term, 1850, for Wapello county, and was, by the consent of the parties submitted to trial, to the judge, without requiring a jury. Judgment was rendered for the defendants for cost.   Thereupon the plaintiffs sued out a writ of error, by virtue of which, the case has been brought to this court for adjudication.

The bill of exceptions sets forth the material facts of the case, as agreed on by the parties, together with the decision of the court below, as to the law, and is as follows : "Be it remembered, that on the trial of this cause, which by agreement of the parties, was submitted to the court without a jury, the only evidence given, besides the note, was an agreement of the parties, in these words : " It is agreed by the parties herein, that the note sued on, was executed to

the plaintiffs, who were partners as alleged, under the following circumstances, in the manner mentioned below : Vestal W. Coffin and Hunt, by the name of Coffin and Hunt, were in partnership in Park county, Indiana, previous to the execution of the note ; that while so in partnership, they became indebted to the plaintiffs, which is the original indebtedness for which the note sued was given. That previous to the execution of the note, the plaintiffs sued the said Coffin & Hunt on their indebtedness, and obtained judgment thereon, upon which execution issued and the property of defendants was taken thereon and offered for sale. That previous to the execution of the note, Coffin & Hunt had dissolved partnership, and given notice to the public, including plaintiffs, of such dissolution, and of their agreement that the business of the firm of Coffin & Hunt was to be settled by Hunt. That while the levy of the execution remained on the property aforesaid, and after the dissolution and notice aforesaid, Hunt proposed to plaintiffs, that if they would release the property from execution, he would execute the note sued on in the name of Coffin & Hunt, with the defendant Thomas C. Coffin as surety ; and that accordingly the note was executed by Hunt, and by the defendant as surety, and the property levied on was released ; upon which statement of facts, the court was of the opinion that the signature "Coffin & Hunt," to the note, was in law, the signature of Hunt alone ; and that in the absence of evidence that the defendant knew of the dissolution, he is to be considered as having signed under the impression that both Coffin and Hunt were liable and responsible to him, as his indemnity. And further, the note so executed, was notice to the plaintiffs that the defendant signed it with that belief, and therefore it would be unconscientious, and in the nature of fraud to allow them to recover against the defendant, and so the court filed for the defendant." These being the facts of the case, and the judgment of the court thereon, the plaintiffs

Kemp v. Coffin.

made a motion for a new trial, on the ground that the finding was against the law and the evidence. This motion was overruled, to all which the plaintiffs excepted.

The error assigned is, that the court erred in rendering judgment for the defendant.

Although it is, in many cases, difficult to make such an application of the rules of law regulating partnership concerns as will clearly, and satisfactorily, result in just conclusions, we think the facts set forth in the bill of exceptions, as agreed upon by the parties, make this one of easy adjustment. Two questions are here presented in order to settle the law of this case : 1st. Was the firm of Coffin & Hunt indebted to Kemp & Doggett prior to the dissolution of the former, as a firm? If so, was the note sued given to settle and secure that indebtedness of Coffin & Hunt to the plaintiffs ; Hunt being, by the terms of dissolution, authorized to settle and adjust the business of the firm? 2d. Had the parties in interest here notice of the dissolution of the firm of Coffin & Hunt, and of the terms of that dissolution?

It is clear from the agreed case, that the indebtedness of Coffin & Hunt to Kemp & Doggett had been created, and existed, before the dissolution of the former ; that they had been sued, and judgment obtained for the amount thereof ; that execution had issued thereon, and property was under levy to satisfy it ; that, at the instance of Hunt, one of the firm, who by the terms of dissolution, was authorized to settle up the business, the plaintiffs agreed to release the levy, by which their debt was secured ; and, instead thereof, take the note of the firm with defendant as surety. Such being the state of the facts, the question of the right of Hunt to bind the firm of Coffin & Hunt by contract and render it liable on the note, is important in the decision of this case. That he was fully authorized to settle the business of the firm, which had been transacted during its existence, is conceded. Did he act on this principle when he adjusted the

Kemp *v.* Coffin.

matter of indebtedness to Kemp & Doggett, and in consummating this adjustment by giving the note in question? We think he did. It is fairly presumable that the arrangement was beneficial to the firm by saving the property from sacrifice. To allow them then to repudiate the note, would operate as a fraud, by enabling them, thereby, to avoid the payment of an existing and just indebtedness, while it was established and secured to their creditors, by due legal procedure. No new liability or indebtedness, was thereby created. It amounted to nothing more than the adjustment and security of a debt, contracted and due by the firm in its proper course of business; which, as the settling partner, Hunt was authorized to arrange. If Hunt could not do this, then, by the like reasoning, the settling partner of a dissolved firm could neither give nor take a note in settlement of partnership business, to close up the concern. We fully recognize the principle that one partner cannot bind the firm, after dissolution, by the creation of a new indebtedness or liablity. But we hold that this is not such a case; this is the case of just and legal indebtedness, to adjust and secure which, the note was given. This principle has been recognized and adopted in the case of *McPherson* v. *Rathbone*, 11 Wendle, 96. It is there decided that, " although a partner, after dissolution, cannot bind his co-partner to the payment of a debt by note, yet he may liquidate a previous account by note, as by so doing, he does not create a debt." The reason, upon which this principle is adopted, is, that the transaction is in accordance with the usual course of business, and is proper and often necessary for the protection of the rights of partners, and their creditors. In the case at bar, any other decision, as to this principle, would cause the law to operate in perpetration of a fraud upon a *bona fide* creditor, to the destruction of his right where it was secured. In the case of the estate of Davis and Desauque, 5 Wheaton. 530, this just principle is recognized. It is there held, that " after dissolution,

Kemp *v.* Coffin.

the partner who is authorized to settle the business may borrow money on the credit of the firm, for the purpose of paying the debts of the firm, and if the credit is given in good faith, though with a knowledge of the dissolution, and the money is faithfully applied to the liquidation of the joint debts, the creditor has a claim against the firm, and is not to be considered as a creditor merely of the partner borrowing." In the case at bar the taking of the note, for aught that appears, was in good faith, and could operate only to benefit the partnership concern ; and such was the effect of the transaction. It was applied to the purposes of the firm in settling up its legitimate business concerns ; instead of binding them to new and illegitimate burdens or responsibilities, it worked for them beneficially, in saving their effects for all the interests involved. Although the effect of the dissolution of a partnership is to disable any one of the partners from contracting any new obligations, or engagements on account of the firm, still, notwithstanding the dissolution, there remains with each of the partners, or with the settling partner, certain powers, rights, duties, authorities and relations between them, which are indispensable to complete, arrange and settle up the affairs of the firm. Among these is, the completion of all the unperformed engagements of the firm, the protection and conversion of all the property, means and effects of the partnership, existing at the time of the dissolution, for the benefit of the firm, and those interested in its solvency. See Bouvier Law Dic., partnership, § 22, p 280 ; Story on Part. 324. Instead of holding the principle here involved, to such an extreme operation, as to permit it to work manifest injustice, as well as inconvenience, we deem it to be the duty of courts, while they will be careful to protect the partners of a dissolved firm on the maintainance of their legitimate rights, to see that they are required to acquit themselves of their just and legal responsibilities. The liability of partners, under contracts, is commensurate and

Kemp *v.* Coffin.

co-extensive with their rights. If a settling partner can liquidate, or arrange an open account by taking a note in favor of the firm, after dissolution, where that account had accrued during the existence of the firm, in the due course of its business, we cannot see why he may not, in such case, give one to adjust or liquidate an indebtedness.

It has been contended for the defendant in this case, that he signed and executed the note sued, as the security of the firm of Coffin & Hunt, and he seeks to be released, on the ground that as they were not liable, he is not. As we are of the opinion that Hunt in making the note, as settling partner of the firm, rendered it liable, this defence fails. The record, by the agreement of the parties, shows that they had notice of the dissolution of the firm of Coffin & Hunt, so that the allegation of fraud in this respect, is not sustained. The whole transaction as of record, before us, seems to have been at the time of the making of the note, one of good faith. We cannot presume otherwise.

Judgment reversed.

*W. H. Brumfield,* for plaintiffs in error.

*A. Hall* and *Geo. May,* for defendant.